The opinion of the couft was' delivered by
TilghmaN, C. J.
This is an action on a promissory note drawn by the defendant, payable to the plaintiff. Six years having elapsed, in consequence of which a recovery was barred by the act of limitations, the plaintiff commenced his action, and the defendant after he was arrested, said, “ that he owed the plaintiff the money, and intended to have paid him, but that he had taken ungentlemanly steps to get-it, and as he had taken those steps he would keep him out of it as long ás he could.” The defendant pleaded the statute of limitations, on which issue was joined in the Court of Common Pleas, and the president in his charge to the jury, directed them, that the words spoken by the defendant were not sufficient to avoid the force of the statute.
It would be a laborious and unprofitable task, to examine all the cases which have been decided, on the statute of limitations. It is sufficient to say, it has been pretty well settled, that the bare acknowledgment of the debt, within six years, without an express promise to ‘ pay it, would be evidence from which the jury might presume a new promise. The case of Cowan v M‘Gowan, in the Circuit Court of the United States, Wall. Rep. went thus far, and this I think, was the neplus ultra of the Pennsylvania decisions. In England the law was carried further, in favour of th'e creditor. It was held in Bryan v. Horseman, 4 East. 599, that the debt was revived by the following expressions: “I do not consider myself as owing Mr. Bryan a farthing, it being more than six years since I contracted. I have had the wheat, I acknowledge, and I have paid some part of it, and £ 26 remains due. ” It is plain . enough, from the report of this case, that had it been res integra, the court of King’s Bench would have decided differently. But they found themselves embarrassed by precedents from which they would not depart. But our courts, being under no such embarrassment, have put the law on a more rational footing; for it certainly is not rational, to infer a promise from words which negative a promise. The principle which I consider as- now established with us, is, that the acknowledgment of the debt is sufficient evidence to infer a promise to pay, unless it be accompanied with words inconsistent with a promise. The case of Murray v. Tilly, was tried before me at Nisi Prius in the year 1811. It has notbeen reported, because it was not moved in bank. But I have examined my notes, and find that it was as follows. It was an action on a promissory note, drawn by Tilly, payable to James Prince, and by him indorsed, of which the plaintiff was the holder. After the lapse of six years, demand of payment being made of Tilly, he answered, £ that if the note had been presented to him in time, he would have *132 paid it, but that he knew, the statute of limitations would now bar the claim, and he would not pay it.” In the course of*conversation, Tilly acknowledged the note to be genuine, that it was signed by him, and had never been paid. But he added, “ that it was . drawn for the accommodation of Prince, and if it had been presented earlier, he might have had an opportunity of getting payment from him.’5 The counsel for the plaintiff (Mr. Chauncey) urged the cases' of Cowan v. M‘ Gowan, and Bryan v. Horseman. I will briefly give the substance of my charge to the jury, as it contains the sentiments l have held ever since. ‘ ‘ The defendant acknowledged his signature, and that the note had not been paid, but declared, that he knew the debt was barred by the act of limitations, and that he would not pay it. The-case of Cowan v. M( Gowan was fully considered by-the judges who decided it, (of whom I was one) and established the principle, that an acknowledgment of an existing-debt, was sufficient evidence of a new promise. This was going far enough, and farther than I should have gone, if the matter had been new. But the case before us, is different. Taking the defendant’s confession altogether, he negatived a promise by declaring that he would not pay. To call this evidence of a .promise, appears to me to be contrary to common sense. No case has gone so far. Bryan v. Horseman is the nearest to it, but that 'is no authority here. In that case the court plainly intimated, that the law was settled in England contrary to their opinion of the true construction of the statute. If it has been so settled there, it was sufficient to justify their decision; but no such matter having been decided here, I am of opinion, that-where aman, as in the present case, declares that he will not pay the debt because it is barred by the statute, the jury ought not to presume a new promise. The jury found for the defendant, and their verdict was acquiesced in. I do not know that this case has been contradicted. On the contrary, I believe the current of opinion has run with it, both in this and other states. In Reed v. Wilkinson, 2 Brown’s Rep. 15 Appendix, it was held by the Circuit Court of the United States, for this district, that words of acknowledgment, ácecompanied by expressions tending to qualify them, should be taken altogether, and would not amount to a promise to pay. In Wistar’s Executors v. Moore, 5 Binn. 579, it was said by Yeates, Judge, 11 "that when the debtor expressed an intent to plead the statute, no promise could be inferred from an acknowledgment of the debt.” The same principle was supported by the Court of Appeals of Kentucky, in Bell v. Rowland’s Administrators, Hardin’s Rep. 301. In Brown v. Campbell, 1 S. & R. 176, it was said by the court, that where the defendant did not deny, that the d.ebt remained unpaid, but asserted that he never was liable for. -it, n promise could be inferred. In Clementsonv. Williams, 8 Cranch. 72, it was said by Marshall, C. J. “ that the decisions on the statute of limitations had gone full as far" as they ought tó be carried, and .the court was not inclined to *133 extend them,” and the decision in that case was, that to take a case out of- the statute, it. was not sufficient to acknowledge within six years that the debt had ever existed; the acknowledgment must be, that it still existed. The last case which I shall mention, is Sands v. Gelston, 15 Johns. 511. The opinion of the courtwas delivered by SpenceR, C. J. who examined the different eases, and.reasoned on the subject with his usual discernment and accuracy. His conclusion on the whole was, “ that the acknowledgment of the existence of a debt within six years before the suit was brought, is evidence of a promise to pay the debt; but if such acknowledgment is qualified in a way to repel the presumption of a promise to pay, then it will not be evidence sufficient to revive the debt, and take it out of the statute.” x This is the true principle.. It accords with reason and may now be considered as established by abundant authority. Let us apply it then, as a test, to the case before us. The defendant acknowledged that he owed the money, and would have paid it, if he hadpiot been treated -in an ungentlemanly manner. But having Been so treated, he declared that he would keep the plaintiff out of it as long as he could. Taking the defendant’s words altogether, they amounted to this — that he would not pay until compelled bj' law. Now this certainly is quite inconsistent with a promise to pay, and therefore no promise could be presumed.
I am of opinion, that there was no error in the charge of the court, and thejudgment.should be affirmed.
Judgment affirmed.