Tilghman, C. J.
Matthew Corey, the plaintiff in the District Court, brought this action against Edward Hudson, the plaintiff in error, on a promissory note for 50Ó dollars, drawn by the said Hudson, payable to Cornelius $• Andrew Conrad fy Co , or order, which came to the hands of the plaiqtiff for full value, in the course of businéss. The defendant was discharged from his debts by virtue of an act of Assembly of this commonwealth, passed on the 13th March, 1812, which has been decided by the Supreme Court of the United States to be unconstitutional and void. The defence in the District Court turned on the act of limitations, which was pleaded.by the defendant in bar of the action. The facts appear in a case stated, on which two questions arise: 1st.. Was the operation of the act of limitations prevented by the acknowledgment of the defendant, in a written correspondence between him and the plaintiff. 2d. Are there any equitable circumstances in this case, which should' take it out of the act of limitations?
1, On the 12th December, 1818, the plaintiff wrote a letter to the defendant, informing him that he held his note, and requesting payment. On the 14th of the same month, the defendant answered, that he was surprised at his démand, as there had been no money transactions between them. -The defendant then proceeds to express himself as follows. “ Upon this subject, my answer shall be explicit, because I am determined .it shall be final. I owe you nothing on the account mentioned. Upon this subject you can have no doubt. But should you persevere /after the above declaration, I refer you to my certificate of final discharge, given by the commissioners of the bankrupt law in 1SÍ2, after I had delivered to them all my property under the provisions of the law.” The rest of the correspondence is immaterial. -.As this subject was fully considered in the case of Fries v. Boisselett, decided by this court in December, 1823, it will be sufficient to refer to the principle established in that case, viz.' that though a slight acknowledgment of the debt would take a ease out of the statute, yet if the debtor qualified his acknowledgment in such a manner as to show that it was his determination not to pay, the statute should take effect. Now in the present case, I cannot perceive the slightest acknowledgment of the debt. The defendant said, I owe you nothing on the ac *14 count mentioned. The plaintiff’s counsel has ingeniously argued,' that the account mentioned refers to money transactions, which the defendant had mentioned in the former part of his letter. Suppose it did, where is the acknowledgment of a debt on any other account? It is going quite too far to infer, that the debt on the promissory note was confessed, because the defendant was silent on that subject. But when we consider the latter part of the letter, it is clear, that far from making any promise, or acknowledgment, the defendant was determined to pay nothing. He refers to his certificate under the act of assembly, by virtue of which he was discharged from all his debts. There can be no stronger indication of intention., I am of opinion therefore, that there is nothing in the defendant’s letter which can prevent the operation of the act of limitations.
2. The 2d ground of defence is this. It was decided by this court in the case of the Farmer’s & Mechanic’s Bank v. Smith, that the insolvent law of Pennsylvania, by virtue of which the defendant was discharged, was constitutional and valid, and therefore,'in the interval between that judgment, and its reversal by the Supreme Court of the United States, it was useless for the plaintiff to bring suit against the defendant: because he would be sure to have judgment given against him in the State Court. And therefore, it is contended, that in equity, the statute should not run, during that interval. But, it appears to me, that to stop the running of the statute, would be an assumption of legislative power. It is unnecessary to say, how the case would have stood, if the courts had been shut, so that no action could be brought. It is to be observed however, that the courts having been shut for a short period, in the beginning of the war of the revolution, this state, and I believe all the other states thought proper to pass acts for the purpose of declaring that the statute of limitations should not run during that period. But the courts werenevershutone momentagainst the plaintiff. It was known, that the judgment of this court, inthecase of the Farmer’s and Mechanic’s Bank v. Smith, was carried to the Supreme Court ofthe United States, by writ of error, so that the constitutionality of the insolvent act, was notfinally decided. The plaintiff might have pursued the same course, if judgment had been given against him; or in order to avoid that expense, he might have issued a writ against the defendant without having it served, and continued the process, in that way, from time to time, until the Supreme Court of the United States had decided. On the point of stopping the course of the statute of limitations, the case of M‘Iver &c. v. Rugan, &c. in the Supreme Court ofthe United States, (2 Wheal. 25,) is very strong. There, the plaintiff claimed under a grant from the state of North Carolina, of 40,000 acres, including the land in the possession of the defendant, - for which the ejectment was brought. The defendant had been in possession more than seven years, (the term of limitation prescribed by the law of Tennessee) and the, plaintiff *15 would be barred unless he could stop the running of the statute. He showed, that great part of his 40,000 aero tract lay within the Indian boundary, though that-which was held by the defendant was not within it; that no corner or course of the tract was marked, except the place of beginning, and therefore, without a survey, it was impossible to prove, that it included the land in dispute. But a survey he could not make, because-the laws of the United States prohibited the surveying, or marking, ánylands within the country reserved for the Indians, by treaty. But the court considered this as no cause for stopping the course of-the statute, because the plaintiff was not hindered from bringing his ejectment at any time; and if the court of Tennessee should think a survey necessary, they might order a continuance of the causé, until a survey could be made. The principle of that case cannot be distinguished from the one before us. Indeed there the reason for stopping the statute was stronger, than here. Because, without a survey, the plaintiff in the ejectment could not recover, but the plaintiff in this action might always have recovered by carrying the cause to the Supreme Court of the United States. I am therefore of opinion that the plaintiff was barred by the act of limitations. The judgment of the District Courtmustbe reversed, and judgment entered in this court for the plaintiff in error.
Judgment reversed.