Putnam J.
It was not without much hesitation that the courts of law in England departed from the positive words of the statute for the limitation of personal actions, and admitted that a conditional promise within six years should take a case out of the statute. That question came up in the case of Heylin v. Hastings, where Lord Holt was chief justice. It is reported in Carth. 470; 1 Salk. 29 ; 1 Ld. Raym. 389 ; and Com. 54. There the defendant denied that he had bought the goods, but promised to pay for them if the plaintiff could prove it, and the plaintiff did prove that the defendant had them. The question was by consent submitted to the chief justice. He consulted with his brethren, and finally all the judges of England met and considered the case, and ten of them decided that the conditional promise was a waiver of the statute. And they also decided, (though the point did not arise in that case,) that a bare acknowledgment of the debt within six years, was good evidence from which the jury might find that the defendant promised to pay.
There has been much difference in opinion between most eminent judges, as to what should be considered an acknowledgment of the debt. Some of them have considered the statute as a wholesome provision ; others have viewed it as little better than a fraudulent shield against truth and jus- ' tice. And it is not extraordinary, that with views so differ *395 ent, many conflicting decisions upon this subject may be found.
Thus, it was determined by Lord Holt, in Sparling v. Smith, 1 Ld. Raym. 741, where the defendant promised to pay if the plaintiff would come to account, that this was not sufficient to take the case out of the statute. But Lord Mansfield was of opinion, that where the defendant said, “ I am ready to account, but nothing is due to you,” that, and much slighter acknowledgments, would take the case out of the statute. Trueman v. Fenton, Cowp. 548.
The courts of equity considering the debt .due in conscience, adopted rules to protect creditors so far as it could do so.[1] ***5It became there a rule, that a testator who made a provision in his will for the payment of all his just debts, was to be considered as waiving the benefit of the statute. They decreed therefore, that all debts barred by the statute *396 should be paid.* [2] Anon. 1 Salk. 154 ; Goflon v. Mill, 2 Vera. 141. And Lord Mansfield, in the case above cited from Cowper, intimates an opinion that the courts of law would adopt that decision on a proper occasion. It must be obvious however, that such a rule would operate to the prejudice of many who had paid their debts, but relying upon the statute, or from any other reason, had either destroyed or lost the evidence of the payment. Lord Hardwicke, on the other hand, was exceedingly unwilling to execute the rule, and expresses some astonishment that it should ever have been adopted. Lacon v. Briggs, Executor of Lord Bradford, 3 Atk. 107. The testator there had made such a provision for the payment of his debts. The plaintiff claimed payment of an account which had been standing seventeen years. The defendant pleaded the statute, and the chancellor ruled, that the presumption was that the debt had been paid. He refused to interfere to prevent the operation of the statute, remarking that the demand was barred both in law and equity. In the late chancery cases that rule seems to be much shaken, if not entirely overthrown. So in Ex parte Dewdney, 15 Ves. 492, Lord Eldon remarked, that the statute was made for the benefit of those who might have paid, though they could not prove the fact.
I have not met with the opinion of any judge, of our own times, who has discovered so much hostility to the statute as the late distinguished judge Roane, of Virginia. He remarked in the case of Lewis's Executor v. Bacon's Legatee, 3 Henn. & Munf. 109, that it has been established, (and if it has not it ought to be,) that an advertisement by a debtor, *397 notifying all those who have any just debts owing to them, that they may apply at such a place and get payment, is such an acknowledgment as will bring a debt out of the statute.
The impression made on my mind when I came to the bar was, that it was a dishonorable defence. It seemed to require some apology, and it was received by the court with marks of suspicion as to the defendant’s honesty. But a reference to the decisions before the time of Lord Mansfield, will, I think, satisfy us, that such an impression ought not to be made. Thus in Green v. Rivett, 1 Salk. 421, the court say, that “ the statute of limitations, on which the security of all men depends, is to be favored.” [1]
. If the statute were to receive a construction for the first time, it is believed that the courts in this country, as well as m England, would not be disposed to explain it away. This intimation is often made by judges who have occasion to remark upon this subject, and it certainly is the view entertained by this Court. Insulated expressions of distinguished judges, which were not called for by the cases under consideration, have been cited and repeated from time to time, until they have obtained an authority much beyond the points presented for decision. Among these the expression of the learned and venerable Lord Mansfield is always found, that the slightest acknowledgment is sufficient to take the case out of the statute. It occurs in the case of Quantock, Assignees &c. v. England, 5 Burr. 2630. Now the question in that case was, whether a commission of bankruptcy should be avoided, because the debts of the petitioning creditors were more than six years old. The bankrupt was examined as a witness, and he made no objection. It would have been very unjust to have suffered that objection *398 from strangers to defeat the equal distribution of the property under the .commission, when the debtor himself was willing to waive any objection on that account. The court held very properly, that this objection did not lie in the mouth of a third person. That was the point to be decided ; and the case did not call for the remark above cited, nor another that the learned judge made, viz. “ that in honesty a defendant ought not to defend himself by such a plea.” The conduct of the party making the objection strongly impressed the mind of the judge against a statute made for the wisest purposes. If the equity of that case had presented a different aspect, it is not to be supposed that the general denunciation would have been made.
The general rules to be extracted from the books are, that the case is to be taken out of the statute, if the defendant has within six years made an unqualified acknowledgment of an existing debt, or if he has made a conditional promise and the condition has been performed.
Such a promise may refer to some contingency to be ascertained and proved by the plaintiff; as if the defendant should say, “ prove the debt and I will pay it ; ” Heyling v. Hastings, 5 Mod. 425 ; Davies v. Smith, 4 Esp. R. 36 ; or it may refer to something to be done by the defendant himself, or by a stranger ; as if he should say, “ I will pay the debt, unless A. B. has paid it on my account; ” or, “ if Coomes will say the plaintiff did deliver the goods to me, I will pay for them ; ” Daniell v. Pitt, 1 Campb. 366, note ; S. P. Burt v. Palmer, 5 Esp. R. 145 ; or, “ I will pay unless the money has been paid, and I think I can make that appear ; ” Dean v. Pitt, 10 Johns. R. 35. In these cases the liability of the defendant is to be ascertained by the test which he himself has prescribed. And this is quite reasonable as it regards the plaintiff, because the statute being a perfect bar, the defendant ought not to be deprived of its protection, unless he has consented to waive it.
What shall amount to an acknowledgment of an existing debt, should be determined by a consideration of all that the defendant has said upon the subject at any one time or conversation. The whole should be taken together, as well the *399 parts which qualify or negative, as the parts which seem to admit the debt.[1]
We are aware that cases may be found, where an acknowledgment of the original debt, not going to the existence of it up to the present time, has been held sufficient.
Thus in Clarke v. Bradshaw & al., 3 Esp. R. 155, the defendant said, “ The plaintiff had paid money for him twelve or thirteen years ago, but he had since become a bankrupt, by which he was discharged, as well as by law, from the length of time since the debt had accrued.” Lord Kenyon said, “ it had been decided that any acknowledgment of the defendant was sufficient to take the case out of the statute ; and he was bound to hold it so.”
So in Bryan v. Horseman, 4 East, 599, where the defendant said, — “I do not consider myself as owing Mr. Bryan a farthing, it being more than six years. since I contracted. I have had the wheat, I acknowledge, and I have paid some-part of it, and £26 remains due,” — the court held the acknowledgment sufficient, “ whatever might have been their opinion had the question been new.”
So in a note to the case last cited, in Rucker v. Hannay, 4 East, 604, the defendant stated in an affidavit for leave to plead the statute, “ that since the bill of exchange became due (which was more than six- years before) no demand for payment had been made on him,” and that was held sufficient to bar the operation of the statute he was so desirous to plead.
In these cases the original cause of action is acknowledged, but qualified in such manner, as that it is doing great violence to the language to construe it into an acknowledgment of existing indebtment, or into a promise to pay.
The court however, in the case of Rowcroft v. Lomas, 4 Maule & Selw. 458 say, that “ something more must be proved than a bare acknowledgment that the thing is unsatisfied, to give effect to that which is per se destroyed.” There the witness testified, that he showed the receipt to the de *400 fendant and asked him if he knew any thing of it; to which the defendant answered, that he knew all about it. The witness then asked him for the amount. The defendant replied it was not worth a penny, he should never pay it; it was his signature, but he never had and never would pay it; and besides it is out of date, and no law shall make me pay it. The court thought that the acknowledgment of his signature was not to be taken as a confession of the original debt. It may be added, that there was no acknowledgment of an existing debt; but the court did not go upon that ground, but construed fairly what the defendant had said, and held it not sufficient to take the case out of the statute.
This last is a valuable English case, in relation to the general remark, that the slightest acknowledgment, or, as it is sometimes said, any word of acknowledgment, is sufficient. If that rule had been strictly applied to this case, it might have received a different, decision ; for the acknowledgment of the party’s signature to the paper upon which the action is brought, is something more than the slightest acknowledgment ; it would seem at least to be prima facie evidence of the original cause of the action.
The late case of Hellings v. Shaw, 7 Taunt. 608, is too important not to be noticed in this opinion. The chief justice (Gibbs) seems to regret the course of decisions, and observes, that “ if the courts could have foreseen all the consequences that have arisen, they would have seen it better to adhere to the precise words of the statute, than to attempt to relieve in particular cases.”
But it has been determined by the Supreme Court of the United States, in Clementson v. Williams, 8 Cranch, 74, that the acknowledgment must go to the fact, that the debt is still due. In that case one partner (who was not sued) said, “ that the account was due, and that he supposed it had been paid by the defendant, but had not paid it himself, and did not know of its being ever paid.” The court held it not sufficient to take the case out of the act. And Marshall C. J. said, it is not sufficient that the claim should be proved or acknowledged to have been originally just. He remarked, that the decisions have gone full as far as they *401 ought to be carried, and that that court was not inclined to extend them ; and that the statute of limitations is entitled to the same respect as the other statutes, and ought not to be explained away.[1]
This opinion, no less binding upon us by the weight of authority than by sound reason, should govern, when cases from the courts of Great Britain and elsewhere are produced so much at variance with the obvious meaning of the statute and the fair interpretation of the statements of the party pleading it.
Washington J. was absent when the case was decided, but in the case of Read v. Wilkinson, 2 Brown’s (Penn.) R. Appendix, 16, that learned judge said, that he should not be disposed to go so far as the late English decisions do, in construing slight expressions into an acknowledgment or promise. He thought the whole of the acknowledgment should be taken together, and if upon the whole it amounted to a refusal to pay, it should not be construed into a promise to pay. He illustrates his opinion by this case ; “ as if the debtor should say he owed the debt, but would not pay it, and would take advantage of the act of limitation.”
In the case of Guier v. Pearce, 2 Brown’s (Penn.) R. 37, the defendant said, “he had received the goods, but thought he had paid for them, and should rely on the statute,” and it was held that no inference of a promise to pay could be drawn from the acknowledgment.
In Jones v. Moore, 5 Binney, 580, Yates J. observes, that where an acknowledgment of the debt “ is accompanied with circumstances or declarations, that the party means to insist on the benefit of the statute, no promise to pay can possibly be implied, without violating the truth of the case ; ” and to that opinion we fully assent.
*402 We have also the satisfaction to believe, that our views of the law relative to this subject are in accordance with those of the Supreme Court of the State of New York. In Danforth v. Culver, 11 Johns. R. 146, the defendant said, “ that he had executed the notes, but that they were outlawed, and that he meant to avail himself of the statute ‘of limitations, and further, that he had delivered to the plaintiff three or four tons of hay which were to be applied to tne payment of the note; ” and it was held not sufficient to take the case out of the statute. This is much like the case of Clarke v. Bradshaw above cited from Espinasse, which received a different decision. The court in New York say, “ it is not reconcilable with common sense, to say that the bare admission of the execution of the notes in this case, accompanied with a declaration that the party meant to avail himself of the statute of limitations, shall be evidence of a promise to pay, when the party protests against paying and against his liability.”[1]
It has been often said arguendo, and it is true, that the plea of the act of limitations does by implication admit that the debt originally was due.
The result of the cases, as above stated,' may be contrary to some of the English decisions, but we refer to the decision of the highest judicial tribunal in. our own country, and to the opinions of many eminent judges in England, as well as in the United States, in support of our own. And on the whole, we are satisfied that there must be an unqualified acknowledgment, not only that the debt was just originally, but that it continues to be so, to deprive the party of this defence ; or that there has been a conditional promise which has been performed, as is before explained.[2]
*403 To apply the rule to the case at bar. Was there such an unqual fied acknowledgment ? The defendant said at different times, &c. [as before.] Now it seems to us, that so far from acknowledging an existing debt, the defendant uniformly denies that he is indebted at all. However he may have changed his views or recollections from time to time, he concludes by saying that, he owes nothing, or that the writings should have been cancelled. He always insists that his demands are more than the plaintiff’s demands against him, and finishes his discourse by a positive denial of any indebtment. The remark of the learned and distinguished judge Bayley, m the case of Rowcroft v. Lomas above cited, would apply with peculiar force to this part of the case at bar;—“if a denial were an acknowledgment of the debt, the plaintiff would have made out his case : ” a remark, by the way, which would apply to many of the cases decided in favor of nlaintiffs upon a strained construction of conversations of the party pleading the statute.
It has been contended however, that the conversations of the defendant amounted to a conditional promise, that is, that the defendant promised to pay, unless he could prove that his demands amounted to more than the demand of the plaintiff, or unless he could prove that he had a due bill that would cover the plaintiff’s demands. That would have been ery well if the defendant had put himself upon that ground. If he had said, “ I will pay you, unless I can prove that my demands are greater than vours, or unless I can prove that I have a due bill to a greater amount,” such an acknowledgment would have come within the rule applicable to conditional promises. But the defendant does not take upon himself to open the old affairs, and to submit himself to any trial *404 or proof concerning the same. He undertook to judge and t0 decide for himself, and having a perfect protection from the statute, he is not to be made to waive it. He does not submit his case to any other judgment than his own. To hold him therefore to account before the court and jury, would be to impose terms which it seems to us he did not presence to himself.
In every view that we have taken of the case, it is evident to us that the defendant did not intend to acknowledge any existing debt; that the jury were not warranted in drawing an inference of a promise to pay, from his conversation, taking it altogether, which was had at any one time ; that he did not make any conditional engagement or undertaking sufficient to take the case out of the statute ; and that he did not intend to waive the benefit of this defence.
The verdict therefore, which was for the plaintiff, in the Court of Common Pleas, must be set aside, and a new trial granted, to be had at the bar of this Court.[1]

 The statute of limitations is a good plea in equity, as well as at law; Kane v. Bloodgood, 7 Johns. Ch. R. 90 ; Robinson v. Hook, 4 Mason, 150 ; Murray v. Coster, 20 Johns. R. 576 ; Farnam v. Brooks, 9 Pick. 242 ; Chapin v. Coleman, 11 Pick. 331 ; Coulson v. Walton, 9 Peters, 82 ; Smith v. Hickman, Cooke’s (Tennessee) R. 330 ; Peck v. Wheaton, 1 Martin & Yerger, 353 ; Hoveden v. Annesley, 2 Scho. & Lefr. 629 ; Cholmondeley v. Clinton, 2 Jacob & Walk. 1, 149, &c. ; Elmendorf v. Taylor, 10 Wheat. 152 ; Kinney v. M‘Clure, 1 Randolph, 284 ; Staniford v. Tuttle, 4 Vermont R. 82 ; Burton v. Dickinson, 3 Yerger, 112 ; Armstrong v. Campbell, id. 201 ; Stafford v. Bryan, 1 Paige, 239 ; Burditt v. Grew, 8 Pick. 108 ; Steiger v. Hillen, 5 Gill & Johns. 121; — except in cases purely of equitable jurisdiction. Robinson v. Hook, ubi supra ; Murray v. Coster, 20 Johns. R. 583 ; Kane v. Bloodgood, ubi supra ; Armstrong v. Campbell, 3 Yerger, 232 ; Pinson v. Ivey, 1 Yerger, 296 ; Bigelow v. Bigelow, 6 Ohio R. 97. See also Hemenway v Gates, 5 Pick. 321 ; Farnam v. Brooks, ubi supra ; Armstrong v. Campbell, 3 Yerger, 208 ; Lyon v. Marclay, 1 Watts’s (Penn.) R 271 ; Kinney v. M'Clure, 1 Randolph, 284 ; Johnson v. Humphreys, 14 Serg. & Rawle, 394 ; Fonbl. on Eq. 262, 263, and Laussat’s notes. But even in these cases courts of equity adopt the analogy of the statute of limitations and hold the right in equity barred by the same lapse of time, which would bar it, if it were a legal right Robinson v. Hook, ubi supra..
In Massachusetts the statute of limitations operates, in cases where it ap plies, ex proprio vigore, in equity as well as at law. Farnam v. Brooks, 9 Pick. 243.
In New York it would seem to operate by the discretion of the court. Murray v. Coster, 20 Johns. R. 583 ; Arden v Arden, 1 Johns. Ch. R. 316. So in England. Deloraine v. Browne, 3 Bro. C. C. 639 ; Smith v. Clay, id 540, note. See also Farnam v Brooks, 9 Pick 242 ; Irby v. M'Crae, 4 De *396 saus. 422. See the same doctrine held in Elmendorf v. Taylor, 10 Wheat. 152 ; Coulson v. Walton, 9 Peters, 82 ; and see Robinson v. Hook, 4 Mason, 150.
In these cases which do not admit that the statute of limitations applies to courts of equity, ex proprio vigore, it is said to be applied by analogy. Lord Redesdale censures this expression, and says that courts of equity act in obedience to the statute. Hoveden v. Annesley, 2 Scho. & Lefr. 629.

 Anon. 1 Haywood, 243. But see Smith v. Porter, 1 Binn. 209, and Peck v. Botsford, 7 Connect. R. 172, contrà. See also Roosevelt v. Marks, 6 Johns. Ch. R. 293 ; Walker v. Campbell, 1 Hawks. 304 ; Campbell v. Sullivan, Hardin, 17 ; Brown v. Griffiths, 6 Munf. 450 ; Chandler v. Hill, 2 Hen. & Munf 124.

 In Perkins v. Burbank, 2 Mass. R. 81, Chief Justice Parsons overruled a motion by the defendant for leave to plead anew, for the purpose of pleading the statute of limitations, on the ground that this was not a meritorious plea and was therefore not to be favored. See also Beach v. Fulton Bank, 3 Wendell, 573. But see the remarks of Mr. Justice Story upon this point, in Bell v. Morrison, 1 Peters, 360 ; and in Spring v. Gray, 5 Mason, 523. See also McLellan v. Crofton, 6 Greenl. 347, 348 ; Williams v. Williams, 5 Ohio R. 445 ; Lakin v. Watson, 2 Dowl. Pract. Ca 633

 Cambridge v. Hobart, 10 Pick. 233 ; Hancock v. Bliss, 7 Wendell, 267 ; Bell v Morrison, 1 Peters, 351.

 See also Wetzell v. Bussard, 11 Wheat 309, (6 Pet. Cond. R. 322, 326, and note); Deshon v. Eaton, 4 Greenl. 413 ; Porter v. Hill, id. 41 ; Perley v. Little, 3 Greenl. 94 ; Marshall v. Dalliber, 5 Connect. R. 480 ; Lord v. Shaler, 3 Connect. R. 131 ; Russell v. Copp, 5 N. Hamp. R. 154 ; Lyon v. Marclay, 1 Watts’s (Penn.) R. 275 ; Church v. Feterow, 2 Pennsylv. R. 305, 306; Olcott v. Scales, 3 Vermont R. 173 ; Russell v. Gass, 1 Martin & Yerger’s R. 270; Young v. Monpocy, 2 Bailey, 278 ; Oliver v. Gray, 1 Harr. & Gill, 204.

 See also Stanton v. Stanton, 2 N. Hamp. R. 426 ; Bell v. Rowland, Hardin, 301 ; Harrison v. Handley, 1 Bibb. 443 ; Ormbey v. Letcher, 3 Bibb. 569 ; Perley v. Little, 3 Greenl. 97 ; Fries v. Boiselet, 9 Serg. & Rawle, 128 ; Bell v. Morrison, 1 Peters, 361 ; Oliver v. Gray, 1 Harr. & Gill, 204, But see per Lord Ellenborough, Bancroft v. Lomas, 4 Maule & Selw. 459 ; Bryan v. Horseman, 4 East, 599, contra.

 See Whitney v. Bigelow, 4 Pick. 110 ; Porter v. Hill, 4 Greenl. 41, Deshon v. Eaton, 4 Greenl. 413.
In Moore v. Bank of Columbia, 6 Peters, 86, it is held, that in addition to *403 the admission of a present subsisting debt, there must be either an express promise to pay, or circumstances from which an implied promise may fairly be presumed. And this is there said to be the conclusion to which the English cases had come before the late act of 9 Geo. 4, c. 14. See A’Court v. Cross, 3 Bingh. 329 ; Gould v. Shirley, 2 Moore & Payne, 581 ; Fearne v. Lewis, 6 Bingh. 349. In Illinois, there must be a new promise, absolute and unqualified, to take a case out of the statute. Kimmel v. Schwartz, 1 Breese, 218. See also Frey v. Kirk, 4 Gill & Johns. 509.

 By St. 1834, c. 182, an acknowledgment or promise, to take a case out of the statute of limitations, must be in writing. The provisions of this statute are taken from 9 Geo. 4, c. 14, called, Lord Tenterden’s act.
For the construction of the statute 9 Geo. 4, c. 14, see Dickenson v. Hatfield,, 5 Carr. & Payne, 46, in which it was held by Lord Tenterden C. J., that the object of this statute was to procure that in writing, for which words were previously sufficient. It would seem from this, and also from the remarks of Tindal C. J. in Haydon v. Williams, 7 Bingh. 163, that the same words, which were sufficient to take the case out of the statute before the 9 Geo. 4, c. 14, are sufficient now, if reduced to writing and signed by the party.
For other cases showing the operation of this statute, see Gowan v. Forster, 3 Barn. & Adol. 507 ; Whippy v. Hillary, 3 Barn. & Adol. 399 ; Kennett v. Milbank, 8 Bingh. 38 ; Bridgstacke v. Smith, 1 Crompt. & Mees. 483 ; Hilliard v. Lenard, 1 Moody & Mal. 297 ; Dabbs v. Humphries, 10 Bingh. 446 ; Towler v. Chatterton, 6 Bingh. 258 ; Bealey v. Greenslade, 2 Tyrwhitt’s Exch. R. 121 ; Willis v. Newham, 1 Lloyd & Welsby’s Merc. R. 197 ; Edmonds v. Downes, 2 Crompton & Mees. 459 ; Lechmere v. Fletcher, 1 Crompt. & Mees. 623 ; Rew v. Pettet, 1 Adol. & Ellis, 196.
Where a written promise to pay a debt barred by the statute of limitations has been lost, oral evidence of the contents of the writing may be given. Haydon v. Williams, 7 Bingh. 163.