The opinion of the court, which fully states the points decided, and the facts connected with them, was delivered by
Tilghman, C. J.
This action was brought by John Bailey (for the use of the executors of Thomas Neill, deceased,) against Jinn Bailey, administratrix of Thomas Bailey, deceased, on a promissory note for eight hundred and sixty-four dollars and twenty-three cents, drawn by the said Thomas Bailey, dated the 7th of August, 1806, payable to the said John Bailey, four months after date. On the 19th of July, 1820, John Bailey assigned all his right, title, and interest to the said note, to Robert Cathcart and Lewis Neill, executors of Thomas Neill, deceased. The plaintiff filed a statement, setting forth a copy of the note, and claiming the principal and interest due on it. The defendant pleaded non assumpsit, payment with leave to give the special *196 matter in evidence, a set-off, and the act of limitations. This action was brought, in the year 1822. Several bills of exception to evidence, are placed on the record, and also exceptions to the charge of the court. These exceptions were taken by the counsel for the defendant. The first bill of exceptions is, to the opinion of the court, in permitting certain letters between Lewis Neill, and Jinn Bailey, (the defendant) to be read in evidence. As the defendant’s counsel said nothing in support of this exception, it is considered as relinquished.
The second bill, is to the opinion of the court, in rejecting the following evidence offered by the defendant, viz. a promissory note front James Galbraith and Samuel 8. Galbraith to Thomas Bailey, for one thousand dollars, dated the 12th of May, 1805, payable twelve months after date, assigned by John Greer and Samuel S. Galbraith, administrators of Thomas Bailey„ to John Bailey, the 7th of July, 1809, and the receipt, of John Bailey, indorsed on the same, dated the 11th of April, 1810. The counsel for the defendant contended, that this was special matter, admissible in evidence, under the pica of payment with leave, &c. and I am of opinion that it ought to have been admitted.
The plaintiff John Bailey had a demand against the estate of his brother Thomas Bailey. The administrators of Thtmas Bailey alleged that this demand was satisfied, and to prove it,.they offered to show, that they, as administrators of Thomas Bailey, had assigned to John, Bailey, another note to a greater amount than the claim of John Bailey in this suit, and that this last mentioned note had been paid to John Bailey. This, though not a direct payment of the note on which this action was founded, was certainly important evidence, from which satisfaction of the said note might be inferred, unless the transaction was explained by John Bailey in a manner which took off the force of the presumption. The least that can be said of it, is, that though not conclusive, it was pertinent evidence. There was error, therefore, in the rejection of it.
The third bill of exceptions, is to the opinion of the court, in rejecting the following evidence offered by the defendant, that is to say; a record of the Orphans' Court of Lancaster county, containing an inquisition upon the estate of Thomas Bailey, who died in-tesiate, leaving a widow (Jinn Bailey, the defendant,) one brother (John the plaintiff, in whose name this suit is brought,) five sisters all living, and a niece, the daughter of another sister deceased. Í he inquest made a valuation of the real estate, and found, that it could not he divided without prejudice, whereupon it was so proceeded, that the whole of the said real estate was taken by John Bailey at the valuation aforesaid, who gave security for payment of their respective parts, to the widow and heirs of Thomas Bailey. It is difficult to conceive, how this transaction can be so connected with the note on which this suit was brought, as to be *197 evidence for the defendant. The plaintiff’s demand was against the defendant, as surviving administratrix of her deceased husband Thomas Bailey — none of her pleas denied that she had personal assets sufficient to satisfy the plaintiff, and those assets were the proper fund from which the plaintiff’s demand, if proved, was to be paid. But by some inference drawn from this record, she would now turn him round to the real estate of Thomas Bailey for satisfaction. This she has no right to do. He may look to her in the first instance for payment. And it is for the interest of the heirs of-Thomas Bailey, that the defendant should be first resorted to, because she has all the papers of the deceased in her possession, and has the best means of knowing whether the plaintiff’s demand has been satisfied. If John Bailey, after taking his brother’s estate at the appraised value, had been sued by any of the heirs, for their shares of the money, and could make it appear that there were outstanding debts of Thomas B.ailey, for which the lands were liable, I do not say that he might not have had relief, but that is quite different from the case before us. I do not see how the evidence offered by the defendant is applicable to any of the issues joined in this cause, and am therefore of opinion that if was not evidence.
Several errors assigned, and numbered two, three, and four, are reducible to one point; that is, the opinion of the court on the effect of several letters from the defendant to Lewis Neill, as to taking the case out of the act of limitation. Before I examine these letters, I will state what I consider as settled law, as to the effect of acknowledgment by a debtor, who has pleaded this act in bar of the plaintiff’s action. The acknowledgment of a debt subsisting at the time of the acknowledgment, is sufficient evidence to infer a promise to pay, and consequently, to take the case out of the act of limitations, unless such acknowledgment be accompanied with words, or explanations, inconsistent with a. promise to pay the debt. This is the sum and substance of the law, laid down by this court in various cases without deviation, in proof of which I will refer to three late decisions: Fries v. Boisselet, 9 Serg. & Rawle, 128, Hudson v. Carey, 11 Serg. & Rawle, 10, and Eckert v. Wilson, in which the opinion of the court was delivered at Lan caster, at May'Term, 1825, and is not yet reported.* I will add, that I believe, the principle held by us, is in accordance with the opinions of the Supreme Courts of the United States, of New York, and of most other states in the Union. The letters of Mrs. Bailey are next to be considered. Her first letter, dated the 9th of May, 1821, was in answer to one from Leíais Neill, dated the 7th of April, 1821, in'which he gave her the first information of his claim. She tells him, “ that she is much surprised at the *198 contents of his letter, as she always understood, all demands of Mr. John Bailey were settled, by Thomas Bailey’s two other administrators (Greer and Galbraith,) and that she thinks, a note existing in silence, so many years, is very strange.” There is certainly nothing which looks like an acknowledgment of an existing debt, in this letter. Its whole scope is to the contrary. Her next letter is dated July 10,1821. She there tells Mr. Neill, “ that she is well satisfied, there was a final settlement between her husband and his brother John Bailey, not more than a month before his death, when her husband gave his note to his brother, for the balance due to him, and that sometime after her husband’s death, the two administrators, Mr. Greer and her brother Samuel Galbraith., gave John Bailey‘An assignment of anote as payment of his note against his brother’s estate, the amount of which assigned note he received and receipted for, in April, 1810, (one thousand two hundred and ninety-six dollars) which note she holds, with his receipt in full.” In a subsequent part of the letter she says, “ I never took an active part in settling the estate, nor was there ever any thing in my hands to pay with, nor would I think myself justifiable, in paying accounts twice. I do not wish to deceive you, Mr. Neill; I consider his note paid.” Now surely this whole letter is inconsistent with a promise to pay. The writer asserts, that though there was once a debt, it had been paid, and tells how it was paid. This is in direct contradiction either of an existing debt, or a promise-to pay it. The plaintiff’s counsel has indeed attempted a distinction, by which he would take this case out of the principle so often recognised by this court. He says, that the defendant having acknowledged that the debt once existed, and mentioned the manner in which it was satisfied, it must be presumed, that she promised1 to pay, if it could be proved that she was mistaken in her supposition that it was satisfied in the way she alleged. I do not feel the force of this distinction. The question is, was there any thing in the letter, inconsistent with a promise to pay? And I must confess, that to- me, the whole letter, from beginning to end, is irreconcilable with a promise by Mrs. Bailey to pay. The next letter, dated July 16, 1821, contains nothing \yhich is material, and in the last, dated Jiugust 2, 1821, Mrs. JJalley tells Mr. Neill flatly, that she considers her husband’s note as paid, and therefore leaves him to act as he thinks proper. In the whole of this correspondence, I can perceive nothing like an acknowledgement of an existing debt, nothing from which a new promise by Mrs. Bailey can be inferred. I am of opinion, therefore, that there was error in the charge of the District Court, that these letters took the case out of the act of limitation.
The errors numbered'five and six, shall be considered together, as they both relate to the plaintiff’s statement. The defendant excepted to this statement, because it did not aver that any pro *199 mise was made by the defendant; and the evidence on which the. plaintiff relied for the support of his action, was á promise inferred from the letter of Mrs. Bailey. If, instead of a statement, the plaintiff had filed a declaration, it is true, that unless there had been a count, laying a promise by thé defendant, no evidence of her promise could be received. But a statement is widely different from a declaration, and we must- look to the act of assembly for information on that subject. A statement is the creature of the act of 21st of March, 1806, the object of which was, to dispense with form so that every man might be his own lawyer. It is enacted in the fifth section of this law, that it shall be the duty of the plaintiff to file in the office of the prothonotary u a statement of his demand, particularly specifying the date of the promise, book-account, note, bond, penal or single bill, or all or any of them, on which the demand is founded, and the whole amount which he believes is justly due to him from the defendant.” Now all this has been done in the present instance. Not>only were the particulars of the date of the note, the amount claimed, &c. specified, but a copy of the note was subjoined, and the defendant was informed, that the demand was against her, as surviving administra-trix of Thomas Bailey. There was no necessity for laying an assumption either by the intestate or the defendant; but it was incumbent on the plaintiff to prove every thing that was necessary for his recovery on the note described in the statement, and the defendant having pleaded the act of limitation, it was also incumbent on the plaintiff to prove every thing necessary to take his case out of the act. The intent of the act of assembly was complied with, and the parties went to trial with sufficient-notice of the matter in issue. The defendant knew, or ought to have known, that a promise by herself would take her case out of the act of limitation, and therefore, there was no surprise on her, by evidence of such promise, given by the plaintiff. There was one more error (number seven,) assigned by the defendant, viz. that the Verdict and judgment, were part in debt, and part in damages, whereas the statement was altogether in debt. This error has been abandoned, and therefore is not before the court.
I am of opinion, on the whole, that the judgment should be reversed, and a venire de novo awarded.
Judgment reversed, and a venire facias de novo awarded.

 See 12 Serg. & Rawle, 393.