Ewing, C. J.
The plaintiff in certiorari complains of the-charge given by the Court of Common Pleas of the county of Warren, to the jury on the trial of the appeal.
The court informed the jury that if, in their opinion, six-years had elapsed since there had been any dealings between the parties, or any promise of payment made; or if there-had been a settlement between the parties and no demand made by the plaintiff of his present claim, or promise off payment made by the defendant within six years, the statute-of limitations barred the claim. And on the other hand, if there had been a continual running account between them until within six years of the commencement of the action, in that case the statute was not a bar.
If by the term “any promise ” we aré, as I presume we ought, -to understand, any acknowledgment from which a promise may be legally inferred, I see no incorrect doctrine laid down by the court. The complaint, however, is not so-much for what the court did say, as for what was left unsaid.
The appellant, whp was the defendant in the original action, requested the court to charge the jury, “that there was no evidence in the cause from which the jury ought to infer a new promise to take the case out of the statute off limitations; and that all-the items of the plaintiff’s demand which were of more *than six years standing at the time the action was brought, were barred by the statute.”
These positions, which the defendant thus required the-court to state to the jury, were solutions of questions of law fairly raised by the proofs in the cause, and he had a right therefore to require, as he did, that they should be given in charge to the jury, if they were the legal and sound solutions of those questions, or, in other words, if they were correct legal doctrines.
*391 The,action before the justice was commenced on the 17th day of March, 1830. The three principal items of the debit side of the plaintiff’s state of demand were of long standing; the first, in 1809, for work at farming by himself and horse ; the second, in 1813, for money received by the defendant for a particular purpose and not so applied; the third, in 1817, at least thirteen years before the commencement of the action, for the use of a wagon ; and the remaining two items are in July, 1824, for one day’s labor of self and team $2; and the like in March, 1826. A credit is given for some clothes in the year 1809.
To this state of demand, the defendant filed before the justice a plea of the statute of limitations, and claimed a demand against the plaintiff, for a sealed bill given by him to the defendant, dated 14th November, 1822; for two notes given to other persons, the earliest dated in May, 1821, but at what time assigned to the plaintiff does not appear ; and for five items of account beginning in December, 1822; and giving credit to the plaintiff for seven items of account beginning in June, 1823.
The first three, which are the principal charges, made by the plaintiff, are many more than six years prior to the commencement of the action. No such connection subsists between them and the subsequent charges or transactions as to give to the whole the character of a running or current account. It cannot, with propriety, be said there were mutual dealings and reciprocal demands, commencing beyond six years, and extending within that period, so as to save the whole from the operation of the -statute. The plaintiff gives indeed a credit corresponding, in date with the first charge, but the defendant claims no such credit, nor any demand or item of account against the plaintiff earlier than the year 1822, unless it be the note given to Grover which became due late in 1821, but when assigned to the *defendant we know not. If there had been no transactions beween the parties after the year *392 1817. .and prior to the suit, the items of charge, of earlier date, would surely be barred by the statute. The occurrence of some- dealings, after a lapse of several years from the year .1817, wholly disconnected with the antecedent transactions, cannot save these from the prescribed limitation. But viewing the case as exhibited by the plaintiff in in his state of demand and there were no such subsequent dealings. He professes to give the credit to which the defendant is entitled. It is for a single 'item more than twenty years prior to the commencement of the suit. If the plaintiff meant to avail himself of the legal effect of a current account, of reciprocal demands, of mutual dealings, be should have shown, or at least admitted, not peremptorily denied, that such account, demands or dealings existed. If he is entitled to succeed according to his state of demand, a new but ready method to revive an ancient and stale account, by a day’s labor or the like, is discovered.
The court, in my opinion, erred in omitting to charge as required, “ that all the items of the plaintiff’s account, which were more than six years standing at the time the action was brought, were barred by the statute.”
The court also erred in omitting to charge “ that there was no evidence from, which the jury ought to infer a new promise to take the case out of the statute.”
The facts, or amount of evidence, from which such an inference may be drawn, or in other words, the nature and extent of the admission or acknowledgement which will raise a new promise, is a question of law. An answer to this question, the court, if required, should give to the jury.
A witness on the part of the plaintiff testified that in March, 1830, he went with the plaintiff to the defendant. The former asked the latter if he was not going to settle with him for working for him the eleven months after his father’s death, and for the use of his horse and wagon. The defendant asked why he had not mentioned it before in their other settlements. The plaintiff said, “ I have, fifty times, *393 at 'east, and you never would settle it.” The defendant admitted he had, but said it never had been settled and he never would settle it. On cross *examination the witness farther testified “ that the defendant said they had had several settlements ; also said he had had the horse to work; the plaintiff asked if he had settled this claim; he answered, no, that he never had and never would settle it.”
In the testimony of this witness there was no proof of an express promise to pay the demand; and if there be any admisión or acknowledgment of the debt, it was not positive .and unqualified, and was accompanied by expressions which repel the idea of an intention or willingness to pay; and therefore no implied promise was created, and the debt was not revived. Angel on Limitations, 247.
The complaint of the plaintiff in certiorari, against the charge of the court, is just, and the judgment ought to be reversed.
Drake, J. This action originated in the court for the. ¿rial of small causes, and was commenced by process issued on the 17th day of March, 1830. The plaintiff filed his .state of demand as follows :
“ The plaintiff demands of the defendant one hundred ■dollars for this, to wit,
Anthony Belles,
To John Belles, Dr.
1869. April 1st. To 11 months work at farming lor you by myself and horse, at $5.00 per month, from 1st May, 1808, to 1st of April, 1809..................................... $55 00
To interest on the same......................... 20 00
1813. To my share of money received by you to purchase a head stone for our mother, which yon never got, being.................. 4 00 Interest thereon............... 4 75
1817. To 5 years use of my big wagon, from the fall of 1812, to the fall of 1817........... 25 00
Interest thereon................................... 7 24
*394 *Brought over,.............................. $116 00'
1824. July. To one days drawing in grain with team.............................................. 2 00
1826. March. To 1 day do. logs with team__________ 2 00
120 00
1809. By my every day clothes and shoes during • the 11 months I worked for you.......$10
And also a coat and surtout of lioni'spun.. 10
— 20 00
$100 00
Leaving a balance of one hundred dollars, for which I pray judgment.
JOHN BELLES, Plaintiff.
To this state of demand the defendant pleaded the statute of limitations, and as there was no evidence of any express promise, or acknowledgment from which a promise might be implied, the plea must have barred the whole account, except the two last items, but that the defendant also pleaded that the plaintiff was indebted to him in the amount of three several promissory notes (the most recent of which bore date the 14th day of November, 1822, and was made by the plaintiff directly to the defendant), and also in the following book'account, to wit:
1822. Dec. 3. Tobushel of salt.........'.......... $ 47-|-
1823. March 28. “ 33-J lbs. clover seed, at $7.00 per bushel.......................... 3 50
“ April 2. “ 31-|- lbs. do. at $7.00 per bushel............................. 3 50
1824. “ 13. “ 500 wt. of hay, at $6.00 per ton................................... 1 50
1827. Jan’y 17. “ Cash borrowed...-................ 8 00
$16 97-|
*395 OR.
1823. June 2. By day’s haling dung.... $ 75
1824. July 24. “ i¿ day’s harvesting, (scant)...................... 37-|-
1825. Aug. 8. “ haling grain to Belvidere......................... 75
“ “ “ “ puppy...................... 1 00
1826. April 19. “ haling load of grain to Columbia.................. 50
“ May 6. “ do. load of boards from Belvidere.................. 75
“ Aug. 10. “ do. one day haling logs, and one hand....... 2 00
6 12 J
$10 85
*Interest on balance, 3 yrs. 3 mo.............. 2 11
Amount of notes and interest..........................'. 36 10
$49 06
After the testimony on the trial of the appeal was concluded, the Court of Common Pleas was called on by the counsel for the appellant (now plaintiff in certiorari), to charge the jury that there is no evidence in this cause of a new promise, to take the case out of the statute of limitations ; but that all the items in the plaintiff’s demand, which were of more than six years’ standing at the time this action was brought, are barred by the said statute.
On this point the court charged in substance as follows — - that if the jury should be of opinion, from the evidence, that six years had elapsed since there had been any dealings between the parties, or any promise of payment made, the statute would bar the plaintiff’s claim; or if there had been settlements between the parties, and no demand made by the plaintiff, or promise of payment made by the defendant *396 within six years, then the statute would bar the claim. But if, on the contrary, they had a continued running account between them until within six years of the commencement of this suit, then the statute would be no bar.
The defendant’s account admitted dealings between the parties, and the plaintiff proved' his demand of satisfaction for his account, made within six years. That demand, to be sure, did not elicit any promise of payment, or even acknowledgment, of the debt. Yet the charge of the-court gave importance to the demand and therein was erroneous. It also gave efficacy to recent dealings between 'the parties, without sufficient explanation as to the nature of those dealings, and the connection between them and the former contracts upon which they were supposed to operate. A court should not be called upon to draw distinctions, or give instructions, which the case does not require; and, therefore, the propriety of the charge, as respects the dealings between the parties, will depend upon the question, whether those dealings were such and so connected that those which had *taken place within six years, did, in point of law, keep alive and prevent the statute from operating on those of an older date. Two small charges appear on the plaintiff’s account within six years, and there was some evidence with respect to one of them, that the transaction actually took place within that period. But, at this day, it cannot be pretended that this transaction can preserve the former ones from the operation of the statute. The charges are all on one side. There can be no pretence that buying an article, or obtaining a service, in 1824, is any acknowledgment of a distinct contract of that kind in 1809. In the case of Cotes v. Harris, Buller's Nisi Prius, 149, it was held that the clause in the statute, about merchant’s accounts, extended only- to cases where there were mutual accounts, and reciprocal demands, between persons. This principle has become well settled, and was recognized in this court in the case of Miller v. Colwell, 2 South. 577.
*397 But all the difficulty of this case grows out of the defendant’s offset. He states a small account between the parties, extending from December, 1822, to August, 1826, amounting to $8 97J- on one side, and §6 12J on the other. I exclude the item of “ cash borrowed,” as not in its nature, or with reference to the proof concerning it, (which was that it was to be returned in one week) the kind of dealing to revive an antecedent debt. And the question is, whether these dealings, or such of them as were within six years, should shield from, the operation of the statute, the three items of the plaintiff’s demand under dates of 1809, 1813 and 1817.
The statute of 21 James 1st, Ch. 16, excepts such accounts as concern the trade of merchandize between merchant and merchant, &c. Our statute excepts all such actions as concern, <fcc.; resembling the British statute except in a single word ; which may be presumed to have been changed on account of the disposition shewn by the English courts, in early times, to limit the exception, not merely by the nature of the account, but by the form of action brought for its recovery.
This exception has long since been extended, by an equitable construction, so as to embrace accounts of other persons, not merchants, between whom there have been mutual dealings and credits, some of which are of more than six years standing, *and others less. For where there is such current account, each article advanced upon account may be considered as a partial payment or acknowledgment of a counter demand. This equitable extension of the statute may very properly take place in case of mutual current accounts, or wherever any such connection between them appears in their nature, or from evidence, that the latter might fairly be considered as “ an admission of their being some unsettled account between the parties.” But where the transactions are -remote, and there is nothing in their'own nature, or the evidence, to connect them, there can be no propriety in extending the exception of the statute so as to embrace them. In the *398 case of Cranch v. Kirkman, Lord Kenyon observed, “That where the demand of one party arises long after the demand of another, that should not revive the antecedent account; but this [the case then before the court] was in the nature of a running and mutual account between the parties.” I do not find this branch of the subject much illustrated by cases. The most usual case of the extension of the exception in the statute is to mutual, continued and open accounts. Yet, it does not appear to depend upon the number of transactions or their particular nature. In the case of the Executors of Tuthil v. Skoulding and others, 6 Term Rep. 189, the demand was for nine and a half years’ rent. The defendants were merchants, who rented á store-house of the testator, and during the time when these arrears of rent were becoming due, they furnished him with various articles in the way oí their trade. There never was any settlement of accounts between the parties. The last half year’s rent, and one or two of the last articles of the defendant’s bill, were within six years before the plaintiff’s writ was sued out. The court held that the case was within the exception, and that the plaintiff’s account was not barred.
Courts, at the present day, are endeavoring to correct the extremely strict construction of the statute of limitations, into which an indiscreet notion of equity at first led them. The British Parliament have interfered, and now make an acknowledgment in writing necessary to take a case out of the statute. 9 G. 4, Ch. 14, S. 1. In the United States courts, and most-of the state courts, it is held that an acknowledgment must be of a subsisting debt; in which case the acknowledgment will be *evidence of a promise to pay; -but if anything be said at the time to repel the .presumption of a promise to pay, it is insufficient. 15 John. Rep. 520; 6 John. Ch. cases 266, 290; 3 Wend. 187 & 272; 14 Serg. & Rawle 195; 8 Cranch 72; 1 Peters 371. And the acknowledgment must not be merely of the fact of indebtedness, but it must refer to, or have some natural connection with the plaintiff’s claim. 3 Wend. 532.
*399 It is evident that some limit must be put to the revival -of old dealings by new ones. Otherwise any claim of whatever antiquity may be freed from the wholesome impediment which the statute opposes to its prosecution, by the claim.ant’s procuring a credit of his pretended debtor to any trifling amount. And although I do not wish to attempt to lay down lines of distinction, on this occasion, applicable to all cases; yet I cannot doubt that a sound construction of the statute must extend it to the first three items of the plaintiff’s account. No natural connection is discoverable between these charges and those of the defendant; they are remote in point of time; and the other facts in evidence, especially that the plaintiff, on the third day of December, 1822, gave his note to the defendant for 12 dollars payable in six months, rather rebuts the presumption of any connection, than otherwise.' I am therefore of opinion that the judgment should be reversed.
Ford, J., concurred.
J udgmeiit reversed.