*1813.*

THOMPSON
*v.*
JOHNSTON.

---

## LITLE *against* TOLAND.

IN ERROR.

ERROR to the Common Pleas of *Washington* county. In the Court below, *Toland* brought suit against *Litle*, a justice of the peace of *Washington* county, for issuing a *fi. fa.* against his goods, without any previous process or judgment. Upon the trial of the cause, to justify the insti-

*Pittsburg,*
*Saturday,*
*September 11.*

In a notice to a justice of the peace, that unless he tenders sufficient amends within thirty days, a writ will be sued out against him &c. it is not

necessary to insert in the notice the kind of writ whether *capias* or summons, nor the kind of action, whether trespass or case.

To a justice of the peace in *Washington* county, it is a sufficient notice of the abode of the party's attorney, to describe him as *T. B. of Washington,* that meaning in common parlance the *town* of *Washington.*

1813.

LITLE
*v.*
TOLAND.

tution of the suit under the act of the 21st of *March* 1772, the plaintiff proved that the following notice had been given to the magistrate thirty days and more before the suit:

Washington, 15th March 1809.

*Alexander Litle*, Esq.

SIR,

You will take notice, that if you do not tender sufficient amends within thirty days from the date hereof, I will bring my action or actions against you in the Court of Common Pleas for the county of *Washington*, in the following cases to wit: that you without any previous process whatever, issued an execution directed to *Chapman* a constable, commanding him to levy of my goods and chattels, the sum of 20 dollars 23 cents, to satisfy a judgment with costs which *John Clark* had obtained against me, although no such judgment legally existed, and when in reality I was not indebted to *John Clark* in any thing whatever. That upon this execution thus illegally and oppressively issued by you, a horse, my property, was seized by the said constable and publicly sold. I *also* complain that you have in many cases issued your *fieri facias* against me as a constable, your judgment and execution, illegally, unjustly and without cause, particularly in the case of *John Huey* v. *John Irey*, *Martin Hornish* v. *David Hamilton*, *William Wilson* v. *James Johnston*, where no process had ever been in my hands for same: by reason of all which illegal and oppressive conduct of yours I have sustained material injury and damage.        I am sir yours,

WILLIAM TOLAND.

(ENDORSED.)
" *Thomas Baird* of *Washington*, is my attorney."

The court below declared that the notice was legal and sufficient: and the exceptions here taken to it, were 1. That it did not specify the *kind of action* to be brought: 2. Nor the *kind* of *writ* or process. 3. Nor did it describe the attorney's abode.

The act of 21st *March* 1772, enacts that no writ shall be sued out against, nor any copy of any process at the suit of a subject shall be served on, any justice of the peace, for

any thing by him done in the execution of his office, until notice in writing of *such intended writ* or *process* shall have been delivered to him, or left at his usual place of abode, by *the party*, his attorney or agent, who intends to sue &c. at least thirty days before the suing out or serving the same: in which notice shall be clearly and explicitly contained the *cause of action*, which the said party hath &c. against the said justice of the peace: on the back of which notice shall be endorsed the name of such attorney or agent, together with the place of his abode.

The cause was argued at *September* Term last, by

*Campbell*, for the plaintiff in error, and by

*Jennings* and *Mountain*, contra.

*Cur. adv. vult.*

This day the judges delivered their opinions.

Tilghman C. J. This is an action against a justice of the peace for an act done in the execution of his office.

The errors assigned are that the Court of Common Pleas declared that the notice given by the plaintiff to the defendant, prior to the commencement of the suit, under the act of 21st *March* 1772, was legal and sufficient, when the said notice did not specify either the kind of writ or process, the kind of action, or the place of abode of the attorney for the plaintiff. The exception so far as it relates to the *kind of writ or process*, was abandoned on the argument, and very properly, because that point had been decided in the case of *Mitchell* v. *Cowgill*, at *Sunbury*, *June* 1811. In the same case I consider it as having been decided also, that it was unnecessary to give notice of the *kind of action*, and that it was sufficient if notice was given that *an action* would be brought, and the *cause of action* clearly described. I shall not now go over the ground which was taken in that case, but refer to it in the 4th *Volume of Binney's Reports, p.* 20. It is not denied that the cause of the action which has been brought, was set forth with sufficient certainty, although there were other causes of action not clearly described, on which no actions have been brought.

1813.

LITLE
v.
TOLAND.

The only remaining objection to the notice is the manner in which the place of abode of the plaintiff's attorney is described, " *Thomas Baird* of *Washington*, is my attorney." It is to be observed that in this respect the English statute of 24 *Geo.* 2. *c.* 44. and our act of assembly are not exactly alike. The *statute* directs that notice shall be given by the *attorney* or *agent* for the party who intends to cause the writ to be sued out. The *act* says that notice shall be given by the *party, his attorney* or *agent*, so that if the plaintiff should think proper to sue out a writ *himself*, as is sometimes done in this country without employing any agent or attorney, it would be unnecessary to say any thing about the place of abode of the attorney, because the act did not require that a man should employ an attorney merely for the sake of giving notice where he lived. But if the plaintiff lived out of the county in which the suit is brought, perhaps it might be necessary to employ an attorney or agent within the county, and give notice of his place of abode, because the object of the act was that the justice should receive such notice as should afford him a reasonable opportunity of tendering amends. In the present instance however it appears that he did employ an attorney, and therefore it was incumbent on him to give notice of his place of abode. The words of the act are " on " the back of which notice shall be endorsed the name of " such attorney or agent *together with the place of his* " *abode.*" The objection is that there are many *towns* and many *counties* in different *states* called *Washington*. To be sure it would have been more certain, if it had been said, " *Thomas Baird*, living in the town of *Washington*, in the " county of *Washington*, in the state of *Pennsylvania*." But yet I cannot help thinking that " *Thomas Baird*, of *Wash-* " *ington*," is sufficiently descriptive. In construing this kind of language it is fair to have recourse to the common understanding of the country. When a *town* and *county* have the same name, and the name *generally* is mentioned, the town is understood. When we speak of a person living in *Philadelphia* for instance, it is supposed that he lives in the city. So in *Washington* would imply the *town* of *Washington*, when two persons living in the county should use that expression. It is true there are other *Washingtons* in this state, and almost every state of the Union. But in constru-

ing this notice we must not lose sight of the place where the justice lived, against whom the action was to be brought. He lived in the county of *Washington*, and therefore had no reason to suppose that any place out of that county was intended. The intent of the act of assembly was that the justice should have fair notice of the place of abode of the plaintiff's attorney. I cannot suppose that in this case he was left under any doubt, and therefore the notice was sufficient. My opinion is that the judgment should be affirmed.

YEATES J. Three exceptions have been taken to the validity of the notice served upon the plaintiff in error, previous to the institution of the suit against him for acts done by him in the execution of his office as a justice of the peace, under the act of assembly passed 21st *March* 1772. 1 *Dall. St. Laws*, 604.

The first is that the notice does not specify whether a summons or *capias* would be issued against him. I do not regard this as material to the justice, or that it would in any degree influence his conduct as to the tender of amends. Besides, the propriety of issuing process of either kind would depend on the justice's disposing of his freehold within the thirty days, which it would be impossible for the defendant in error to know when he served the notice.

The second exception is, that the kind of action is not specified, whether it would be trespass, case, debt &c. I consider the decision of this court in *Mitchell* v. *Cowgill*, in the Middle District, in *May* Term 1811, as having put this question at rest. The same point was there made by the counsel and unanimously over-ruled by the court. An additional reason applies in the present instance. The 1st section of the British statute of 24 *Geo.* 2. *c.* 44. expresses the act of notice to be by the *attorney or agent* for the party complaining, 7 *Ruff. Stat.* 389. But the first section of our law of the 21st of *March* 1772, speaks of the *party* his *attorney* or *agent*, either of whom may give the notice. It cannot be supposed that the party himself would be conusant of the technical boundaries of actions; and therefore all that the act requires of him is, that *in his notice shall be clearly and explicitly contained his cause of action*. This was fully done by the defendant in error in the written

1813.

LITLE
v.
TOLAND.

notice which he has subscribed, and therefore he has brought himself within the words and spirit of the act.

The last exception is that " *Thomas Baird* of *Washington*, is my attorney," was an uncertain designation of the place of his abode. But I have no difficulty in saying, that referring a justice of the peace of *Washington* county, to an attorney in *Washington*, would in common parlance be intended of the town of *Washington*, and that his place of residence was thereby sufficiently described.

I am of opinion, that the judgment of the Court of Common Pleas be affirmed.

BRACKENRIDGE J. concurred.

Judgment affirmed.