1817.

*Sunbury.*

SLOCUM *against* PERKINS.

IN ERROR.

*Monday,*
June 9.

ERROR to the Common Pleas of *Luzerne* county.

This was an action for the recovery of the penalty of 50 pounds, under the act against clandestine marriages, passed the 14th *February*, 1729–30, brought against the defendant, a justice of the peace, for marrying the son of the plaintiff, an infant under the age of 21 years, without his father's consent.

On the trial of the cause in the Court below, the plaintiff offered in evidence, the copy of a notice served on the defendant, thirty days before the commencement of the action. It was signed by the attorney for the plaintiff, and dated at *Wilkesbarre;* but there was no indorsement of his name; neither was it said in any part of the notice, or on the back of it, that he *resided* at *Wilkesbarre.* It was proved, however, by parol evidence, that the attorney did reside at *Wilkesbarre,* and that the defendant knew it. The evidence offered was objected to by the defendant, and rejected by the Court; whereupon, the plaintiff excepted to the Court's opinion.

In order to recover against a justice of the peace in an action brought against him for any thing done in the execution of his office, it is required by the act of 21st *March*, 1772, 1 *Smith's Laws*, 364, that notice in writing shall be served upon him, at least thirty days before the suing out or service of the writ, " in which, notice shall be clearly and explicitly " contained, the cause of action, &c. on the back of which " notice shall be indorsed the name of such attorney or agent, " together with the place of his abode, &c."

The plaintiff also called a witness, whom he proposed to ask, " whether the defendant, after the service of the notice " aforesaid, and before the commencement of the said suit, " had not requested the witness to call on the plaintiff, upon " the subject of this suit, for the purpose of effecting a com- " promise, on behalf of the defendant." To this evidence

A notice to a justice of the peace under the act of 21st March, 1772, was signed by the attorney for the plaintiff, and dated at Wilkesbarre, but there was no indorsement of his name, nor was it said, that he resided at Wilkesbarre, *held* insufficient.

*Query*, if it is essential that the name of the attorney, and his place of abode, should be written on the back of the paper containing the notice?

An offer by the defendant, to compromise, not accepted by his adversary, is not evidence against him.

the defendant also objected, and it was over-ruled by the Court, who sealed another bill of exceptions.

*Bradford*, for the plaintiff, contended, 1. That the notice given to the defendant was regular, and ought to have been received in evidence. A writing on the face of the paper answers every object of an indorsement, and is, therefore, within the spirit and intent of the law. In *Rex* v. *Biggs*,(a) rasing out a receipt written on the inside and face of a note, was held to be rasing out an indorsement, in a case of felony. In *Little* v. *Toland*, (b) the words " *Thomas Baird* of " *Washington*, is my attorney," were held sufficient. Besides, as it was proved, that the attorney resided at *Wilkesbarre*, the act was complied with, as *Wilkesbarre* was proved to be his place of abode.

2. The offer of the compromise was evidence to shew notice of the suit.

*Hall*, contra. 1. The attorney's name was not indorsed as the act requires, it was merely written on the face of the note. *Biggs's Case*, was not so strong as this. The act of parliament speaks only of an indorsement; but the act of assembly directs an indorsement on the back of the notice. The place of abode of the attorney is not mentioned; the notice is dated *Wilkesbarre*, and that is all.

2. The offer of compromise was immaterial.

TILGHMAN C. J. Our act of assembly is nearly in the words of the *English* statute 24 *Geo.* II. c. 44, on the construction of which many cases are to be found in the *English* books. Those cases shew a more rigid construction than we have thought proper to make, but the act of assembly must be substantially complied with. What the law has required, no Court has power to dispense with. Whether it is essential, that the name of the attorney, together with his place of abode, should be written on the *back* of the paper containing the notice, it is unnecessary to decide, because there is another circumstance, in which this notice is clearly defective, viz. the not mentioning the place of abode of the attorney. The dating of the letter at *Wilkesbarre*, is no more

(a) 2 *East. Cr. L.* 882.    3 *P. Wms.* 419.          (b) 6 *Binn.* 83.

than saying, that it was *written* at *Wilkesbarre*, and is by no means an assertion that the writer *lived* there. This information should have been expressly given. The defendant is not to be left to conjecture. In the case of *Little* v. *Toland*, 6 *Binn.* 83, the expressions were, " *Thomas Baird, of Wash-*" *ington,* is my attorney." This we held to be good, because " *of Washington,*" means, *living in Washington.* Any words that fairly imply the place of abode are sufficient, but no such implication can be drawn from the bare date of the writing. I am of opinion, therefore, that this notice was not evidence. The record contains another exception to the opinion of the Court, who refused permission to the plaintiff's counsel, to ask one of the witnesses, " *whether the defendant* " *had not requested him to call on the plaintiff upon the subject* " *of this suit, for the purpose of effecting a compromise.*" Without doubt, this evidence was properly rejected. The defendant is not to be affected, even by an offer to compromise, unless that offer be accepted by his adversary. Such offers are not to be discouraged, because they often produce peace; but if rejected by the plaintiff, the defendant is to be at full liberty to make his defence, just as if the offer had not been made. The reason is plain. A man who is conscious, that he is in the right, had better give up something, than stand the hazard and expense of a suit. The offer to compromise, therefore, is no evidence that the defendant thought himself in the wrong. The point has often occurred, and the law is settled. I am, therefore, of opinion, that the Court below were right on both exceptions.

GIBSON J. did not sit, having decided the case in the Court below.

DUNCAN J. concurred.

*N. B.* In this case, the plaintiff below having suffered a *non pros.*, the writ of error was deemed improper, and was withdrawn by agreement.