The opinion of the Court was delivered by i J
Gibson J.
# # The notice containing the cause of action was signed by the plaintiff, but served by a certain Henry Read, *518 whose name was indorsed, but without stating, that he was either an agent, or attorney, of the plaintiff for the purpose of receiving a tender of amends. Henry Read was not an attorney at law, but a constable. This notice must be good, if at all, either as having been given by the party himself without the intervention of an agent; or as having been given by an agent. The plaintiff may, if he please, sue out the writ himself; but though that dispenses with the indorsing of the place of abode of an agent or attorney, it, on the other hand, renders it necessary, that the place of abode of the plaintiff himself should be given. This is not required by the letter, but necessarily arises from a fair construction of the act of assembly, which, being remedial, ought, in advancement of the remedy, to be liberally construed to embrace cases standing in equal mischief, and therefore within the spirit and meaning, though not within the express words, of the law. The defendant may not know where to look for the plaintiff, and although the latter may serve the notice in person, still the former is not bound instantly to tender amends, but is to have time for deliberation. As notice given by the party himself, the paper offered was therefore clearly inadmissible. In Little v. Toland, (6 Binn. 83,) the notice was signed by the party, and the name of an attorney indorsed, whose place of abode was described with sufficient certainty; but had it been otherwise, there is no suggestion that the paper could have been set up as a notice given by the plaintiff himself; for that would dispense with the indorsement in every case where it should be found defective. The plaintiff indorsed the name of an attorney, which was sufficient to shew he intended to give notice, but through his agency. So here the indorsing of Henry Read’s name is sufficient to shew, that the plaintiff selected that particular mode which the act permits, in which the agency of a third person becomes efficient. Although I forbear to express an opinion, whether Henry Read’s abode is described with sufficient cer- . tainty, (being stated to be in a particular street, without mentioning the name of the city,) I am clear, the indorsement is defective in not expressly stating, that he was an agent. The act of delivering the notice, was evidence of his having authority to do that particular act, but of nothing further; for it could not thence be inferred, that he had authority to receive a tender of amends: and without there is some per-
. *519 son designated by the plaintiff for that purpose, the defendant has not the benefit intended to be secured to him,' by the act of assembly, which was an opportunity of making satisfaction without being subjected to a suit. If Henry Read had no au* thority to receive it, a tender to him would have been unavailing ; but if the plaintiff had indorsed his name on the notice as being that of his agent, he would have been estopped from disputing his authority. In both views of the subject, the notice was inadmissible, and the judgment must be affirmed.
Judgment affirmed.