The opinion of the court was delivered by
DuNCAN, J.
The serious question is stated by the counsel for the plaintiff in error to be, whether tíre testimony of Mary Ring-wait, took the case out of the statute of limitations, and the rejection of all evidence as to set-off.
It may be proper to observe, that undoubtedly the whole conversation at that time of the alleged acknowledgment should have been received; for it tended to qualify the acknowledgment, and so far from being an admission of any debt, was a demand of a balance; and as to the evidence of set-off, perhaps, as this would be a set-off affected by the act of limitations, in that point of view it was not to be considered; but in such stale cases, as both de *397 mands were, it was very strong evidence to be submitted to a jury, that the accounts between these persons had been settled. For one great object of this wise provision of limitation is, that after the lapse of six years they should be considered, in point of law, as extinguished. That was the period fixed by the legislature, when the legal bar arises, which is not from presumption of payment from any evidence, but because the parties could not be prepared with witnesses to meet these obsolete demands.
Judges in England, as well as in our own country, have regretted the departure from these wholesome enactments, and are retracing their steps, to restore the real intention of their framers.
The general doctrine of the Court of Common Pleas, as to the acknowledgment being sufficient to take the case out of the statute, may be right. Without consuming time by a critical examination of the decisions, it is sufficient to state what is the modern doctrine on this subject, — .which is the true doctrine, and which restores a wise act, but which a relaxed construction had nearly repealed. The acknowledgment must be an unqualified one, of a present existing debt, to raise a valid promise to pay; and if it be qualified,' in a way to repel the presumption of a promise to pay, it is not evidence of a promise. Roosevelt v. Waite, 6 Johns. Ch. 290, and Clementson v. Williams, 8 Cranch, 72. In the last case, Chief Justice Marshall said, (speaking of the English decisions,) they had gone as far as they ought to be carried, that the statute was entitled to the same respect as any other statute, and’ought not to be explained away.
Courts are returning fast to the plain letter and obvious meaning of the enactment, and when the counsel in an argument go back to some English decisions which are in contradiction to the statute, we may be permitted to answer them by saying, that they are not binding authorities here, when even in their own country their authority has been questioned and denied, and where their courts are now conforming to decisions first made in our own courts. In England it was held, that a devise in trust, or charge on lands for the payment of debts, revived those barred by the statute of limitations. But in Smith v. Porter, 1 Binn. 209, it was decided, that a debt barred by the act of limitations, is not revived hy a clause in the will of the debtor, directing all his just debts to be paid; and this principle now obtains in the courts of Westminster Hall. It does not include debts barred by the act of limitations, but only subsisting debts not barred at the testator’s death. It is altogether a mistake, to suppose that the bare acknowledgment amounts to a revival of the debt: it is the evidence of a new promise. Jones v. Moore, 5 Binn. 373. It is not sufficient to take the case out of the act, that the claim should be proved or acknowledged to have been originally just. The acknowledgment must go to the fact, that it is still due. Now the evidence of Mary Ringwalt was, that Eckert claimed to be due him in account, two *398 hundred and fourteen pounds, and demanded that money; and when Wilson’s wife said she thought there was a settlement between him and her husband, he answered, there was, but this was the balance still coming. Now, this was totally inconsistent with a promise to pay; for it is a sound doctrine, that if a man says, “ I have a set-off against your claim,5’ this will not take a case out of the statute. It was here an unqualified negative of any debt due by Eckert to Wilson — the balance on settlement, he says, pf two hundred and fourteen pounds, which I came to demand.
The answer of the court did not meet the question of the plaintiff in error; for though it is a response to the question, yet in the application of it to the cause trying, the court say, “ But if the jury believed Mrs. Ringwalt’s testimony, the claim on the part of the plaintiff, so far as she has proved it, is supportéd and established.55 Now the court say, whether the acknowledgment is sufficient is a question of law, and they instruct the jury, that if thoy believed Mrs. Ringwalt’s testimony, the claim is established and supported; that is, that it stands unaffected by the statute of limitations. In this the court erred; for all that passed in the conversation stated by Mrs. Ringwalt, so far from an acknowledgment of a subsisting debt still due by him, denies it. He declared it was all settled in account, and the balance still due to him on that settlement was two hundred and fourteen pounds, which he came to demand payment of.
I will further notice, that the calling by Wilson on Eckert for the loan of twenty dollars, was altogether inconsistent with the idea of indebtedness. It was at least evidence to go to the jury to show unindebtedness.
These observations meet, though not in a regular series, the points made in the argument. If there are any which either party think are material, and have escaped notice, they will be answered. With respect to interest, where there is no usage, — no precise time of payment fixed, — no account rendered, or demand made, — it is not usual for the court to direct interest in the name of interest, but to leave it to the jury, under all the circumstances, to give or refuse damages for the unjust detention. There is, however, a circumstance in this case, that would justify the court in strongly recommending the allowance of interest, and that is, that Eckert recovered interest from Wilson, running on till the same time on his debt or specialty.
Judgment reversed, and a venire facias de novo awarded.