## ALEXANDER SEARIGHT *against* GEORGE CRAIGHEAD and GEORGE EGE, who survived DANIEL FUNK.

### IN ERROR.

The acknowledgment of a debt, barred by the statute of limitations, by a partner after the dissolution of the partnership, does not operate to revive the debt, and avoid the statute of limitations, as to the other partners.

ERROR to the court of common pleas of Cumberland county.

This case, the facts of which are sufficiently stated in the opinion of the court, was argued by

*Alexander,* for the plaintiff in error, who cited *Yea.* v. *Fouraher,* 2 *Bur. Rep.* 1099. *Wister's Ex'rs* v. *Gray's Adm'rs,* 5 *Bin.* 583. *Sluby* v. *Chomplin,* 4 *John. R.* 461. *Morris' Lessee* v. *Vanderin,* 1 *Dall.* 65. *Miles* v. *Moodie,* 3 *Serg. & Rawle,* 211. *Henwood* v. *Cheesman, ibid.* 500. *Fries* v. *Boiselet,* 9 *Serg. & Rawle,* 128. *Quantock et als,* v. *England,* 5 *Bur. Rep.* 2630.

*Penrose* and *Carothers,* contra, who referred to *Fries* v. *Boiselet,* 9 *Serg. & Rawle,* 129. *Eckert* v. *Wilson,* 12 *Serg. & Rawle,* 393. *Weister's Adm'rs* v. *Gray's Adm'rs,* 5 *Bin.* 573. *Slocum* v. *Perkins,* 3 *Serg. & Rawle,* 295.

The opinion of the court was delivered by

SMITH, J.—The original action was brought by the paintiff in error against the defendants, on the 11th of December, 1823, to

(Alexander Searight *v.* George Creighead and George Ege, who survived
Daniel Funk.)

recover the value of certain goods sold and delivered. The defend-
ants pleaded *non assumpserunt*, and *non assumpserunt infra sex
annos*. Issues were joined, and, at the trial, a verdict was returned
for the defendants, and judgment thereon rendered. Certain points
had been presented to the court, to the answers to which, excep-
tions were taken by the plaintiff's counsel, and are now assigned
here for error.

Two errors have been assigned upon the charge of the court, on
the subject of the act of limitations; and in answer to the points
put by the plaintiff's counsel. The court were requested to charge
the jury, "That if *Ege* offered to pay one third of the debt, the
offer was effectual as to the whole debt, for if liable at all, he is
liable for the whole." To which the court below answered, (and so
instructed the jury in their charge,) "That the suit was a joint one,
against the defendants as partners. The claim was against the
three defendants, as liable jointly, and severally for the whole;
and that an offer by *George Ege*, under these circumstances, after
suit brought, to the plaintiff's attorney, to pay him one third of
the debt; for the purpose of getting the lien of the whole judgment
removed from his land, and the offer not accepted, would not in
law remove the operation of the statute of limitations; such an
offer under such circumstances, would not remove the barrier
against the plaintiff's recovery, if it otherwise existed. This point
is vague and uncertain in its terms; as applicable to the evidence
in the cause, we cannot answer it in the affirmative.

"It is unnecessary to consider it as an abstract proposition, not
refering to any evidence in the cause."

If this answer of the court be considered with reference to the
law, as to an offer to compromise a disputed claim, nothing is bet-
ter settled than that such an offer, not accepted, can never be used
as evidence against the party who made it. This is abundantly
clear from the case of *Slocum* v. *Perkins*, 3 *Serg. & Rawle*, 295.

But if this answer be considered with reference to the time, and
substance, to which the evidence on which it is a commentary,
relates, it then presents another question, which may be considered
with the second error alleged, as it is involved in it.

The plaintiff's counsel requested the court to charge the jury,
" that a promise made after suit brought, is as effectual as if made
before," which the court refused to do, and charged the jury in the
negative of this proposition.

It may be remarked, that the court below gave the plaintiff the
full benefit of the evidence as to the declarations made by *George
Ege*, " that, if the debt were a just debt, he would not plead the
statute of limitations," as the court submitted it as a matter of fact,
from the evidence, whether this admission was qualified by the
expression of unwillingness to pay, and a denial of the honesty

(Alexander Searight *v.* George Creighead and George Ege, who survived Daniel Funk.)

of the debt: and indeed the plaintiff has not assigned specifically for error, the charge of the court with regard to this evidence, although elicited by another point put by him.

An able English judge has said, that the two best statutes in their books are the statute of frauds and the statute of limitations. Conflicting, and indeed inconsistent decisions, upon the latter statute, are, however, to be found in the English books of reports. And some of them are unquestionably, a plain departure from the express provisions of this most salutary statute; and at one period seemed to threaten it with destruction, by a kind of judicial legislation; and until lately a struggle seems to have been made to avoid the effect of it.

It would appear, in tracing this subject, that at first, all agreed, that there must be an *express* promise to take a case out of the statute. Afterwards, it was decided, that an acknowledgment of the debt, was at the utmost only evidence from which a promise to pay might be inferred by the jury; but if a bare acknowledgment only was found by them, it would not be sufficient. Then *Lord Mansfield* held, that a bare acknowledgment of a debt, even after action brought, would be sufficient to sustain the action, although not commenced, till after the expiration of the six years. And we are told, (and that by an English judge,) that this was adhered to till the principle was carried to such a degree of absurdity, that a declaration of a defendant that he would not pay, 5 *Maul & Sel.* 75, was held a sufficient acknowledgment to take the case out of the statute. The cases themselves can hardly give us further light, but rather tend to confuse and mislead; and the force of precedent which they established, for a long time restrained judges from vindicating the statute, and placing its construction on rational grounds, although almost at every step, they mourned over the condition to which it had been reduced. Our own courts had followed these decisions to their full extent; but the supreme court of this State was the first, or among the first, to discover that the decisions had gone too far—and the case of *Wister's Ex'rs* v. *Gray's Adm'rs.* in 5 *Bin.* 573, (and the decisions hereafter cited,) led the way to a rational construction of cases under this law. In *England*, the courts have been retracing their steps, and have got, or are getting, back to the plain construction and meaning of the statute.

Reason, then, has at last prevailed over precedent, and the statute has been restored to what the legislature originally intended it to be, a protection against stale and dishonest claims, the evidence as to which has been consumed by time, or otherwise lost.

To take the case out of the act of limitations, an express promise to pay is not necessary, but if the plaintiff rely on admissions of the defendant, he must show such admissions as may fairly support the inference of such a promise. If, therefore, the admission be *qua-*

18

(Alexander Searight *v.* George Craighead, and George Ege, who survived
Daniel Funk.)

*lified* in a way to repel the presumption of a promise to pay, or
if it be accompanied with words inconsistent with a promise to pay,
it is not evidence of a promise to take a case out of the act of limi-
tations. *Eckert* v. *Wilson*, 12 *Serg. & Rawle*, 393. *Roosewalt* v. *Waite*,
6 *John. Chan.* 290. *Clementson* v. *Williams*, 8 *Cranch*, 72. *Fries*
v. *Boiselet*, 9 *Serg. & Rawle*, 128.

It is settled, that the acknowledgment of a debt by one partner,
*after* the dissolution of the co-partnership, is not sufficient to take
the case out of the act of limitations as to the other partners. *Bell*
v. *Morison* et al, 1 *Peters*, 373, lately reported. But in the case
before us, the admission, such as it was, was not only after suit
brought, and long after the act of limitations had run against the
debt; but after all connection had ceased to exist between the
defendants as partners on their contract to make the road in 1814;
for we find in 1821, the accounts were finally settled between them,
and balances struck.

The admission then was by one partner, (taking it for granted
that the defendants had been partners,) after the dissolution of the
co-partnership, and after suit brought. I am aware that in the
case of *Wistar's Ex'rs* v. *Gray's Adm'rs*, 5 *Bin.* 573, it has been
decided, that an admission, which takes a case out of the act of
limitations, does not operate to revive the old debt; but is the
evidence of a new promise, of which the old debt is the conside-
ration; but without stopping to inquire, whether such admission,
after suit brought, is sufficient in an ordinary case, we proceed to
consider the other question involved. Is such admission, made by
one partner *at any time*, after the dissolution of the firm, effectual
for this purpose? This part of the case has in fact been recently
decided in two cases, which I will mention. The law is well set-
tled, that after the dissolution of a partnership, the partners cease
to have any power to make a contract in any way binding on each
other. The dissolution puts an end to the authority, and operates
as a revocation of all power to create new contracts. This princi-
ple, taken in connection with that already referred to, that the
admission is evidence of a *new* promise of which the original debt
is only the consideration, brings us to the conclusion, at which the
supreme court has already arrived, after full argument, that the
acknowledgment by a partner, after the dissolution of the co-part-
nership, will not take the debt out of the act of limitations, so as to
make the co-partners liable. This point was so decided in Phila-
delphia, at the December term, 1827, of this court, in a case in
which his honor, justice *Rogers*, delivered the opinion of the court,
which will be reported. It was also, a short time afterwards so
decided by the supreme court of the United States, at their Janua-
ry term, 1828, in the case above cited, of *Bell* v. *Morrison, et als,*.
reported in 1 *Peters*, 351. 373, where, in the very able and elabo-

(Alexander Searight *v.* George Craighead and George Ege, who survived
Daniel Funk.)

rate opinion of that court, delivered by Mr. justice *Story,* it is
said, "that after the dissolution of a partnership, no partner can
create a cause of action against the other partners except by a new
authority communicated to him for that purpose. It is wholly im-
material what is the consideration which is to raise such cause of
action; whether it be a supposed pre-existing debt of the partner-
ship or any auxiliary consideration which might prove beneficial
*to them.* Unless adopted by them, they are not bound by it.
When the statute of limitations has once run against a debt, the
cause of action against the partnership is gone. The acknow-
ledgment, if it is to operate at all, is to create a new cause of
action, to revive a debt which is extinct; and thus to give an action
which has its life from the new promise implied by law from such
an acknowledgment, and operating and limited by its purport. It
is then, in its essence, the creation of a new right, and not the en-
forcement of an old one. We think that the power to create such
a right does not exist, after the dissolution of the partnership, in
any partner." After this, to say more on this subject, or to run
through a bead-roll of cases, for information, when the case itself
has been so recently decided by two of the highest tribunals, would
really be an idle parade, or waste of time. It is only necessary to
add that there is no error in the decision of the court of common
pleas, and the judgment is therefore affirmed.

Judgment affirmed.