Chief Justice
 
 Booth,
 

 charged the jury. — The legal fees of an attorney are fixed by law; the compensation for services as counsel is to be reasonable in the discretion of the jury. Both are recoverable in an action at law, and are properly the subjects of charge in a book account. The evidence of professional men is the best on this subject, for they best know the exte'nt of the labor performed.
 

 The defence is the act of limitation, and a letter from the defendant is relied upon as containing the acknowledgment of a subsisting demand, and taking the case out of the act of limitation. The rule on this subject was laid down by the Court of Appeals, in the case
 
 Newlin
 
 vs.
 
 Duncan,
 
 that an acknowledgment of a
 
 subsisting
 
 demand, or any recognition of an
 
 existing
 
 debt, is evidence of a promise to pay it, sufficient to take a case out of the act of limitation. The naked acknowledgment of a subsisting demand, without an express romise to pay it, is sufficient. But this must be an actual recogni
 
 *530
 
 tion of the debt as an existing debt. The question then for the jury is whether this letter does contain an acknowledgment of a subsisting debt.
 

 J. M. Clayton,
 
 for plaintiffs.
 

 Win. H. Rogers
 
 and
 
 Gray,
 
 for defendant.
 

 As to the interest. Interest is allowed in general on the ground of contract, or the usage of trade; where a promise to pay interest is implied from such usage or from other circumstances. (2
 
 B.
 
 &
 
 C.
 
 349;
 
 Roscoe
 
 233.) In one case it was said that “however the debt is contracted, if it has been wrongfully withheld by the defendant, after the plaintiff has endeavored to obtain payment of it, the jury may give interest in the shape of damages for the unjust detention of the debt.”
 
 (Roscoe
 
 234; 3
 
 Bingh.
 
 259.) In England it seems that interest is not recoverable on money due for work and labor. (1
 
 H. Blac.
 
 303.) But in this country it has frequently been held otherwise.
 
 (Chit, on Cent.
 
 195-6,
 
 note;
 
 6
 
 Binn.
 
 162.) And where there is no usage; no precise time of payment fixed; no account rendered, or demand made; it is not usual for the court to direct interest to be given; but to leave it to the jury, under all the circumstances of the case, to give or refuse damages for the detention of the debt. (12
 
 Serg.
 
 &
 
 Rawle
 
 393.) Where damages for the detention are given, the legal rate of interest is a proper measure of the damages. (1
 
 Harr. Rep.
 
 318.)
 

 Verdict for plaintiffs for full amount of the claim and interest.