## O'Donnell v. Rowe.

*William Taylor*, for plaintiff.

*Lutz, Ervin, Reeser & Fronefield*, for defendant.

VALENTINE, J., eleventh judicial district, specially presiding, November 22, 1930.—The defendant, C. W. Rowe, is a justice of the peace in Yeadon Borough, Delaware County, Pennsylvania, and on the evening of December 5, 1928, was hearing a case against Patrick Gallow, who had been arrested by Officer Thomas Latch, upon the charge of assault and battery and nonsupport.

During the course of the hearing the plaintiff, Hugh O'Donnell, who was present as a witness for Gallow, was sentenced by the defendant to pay a fine of $5, and in default of the payment of such fine was committed to the Delaware County jail. He remained in jail for a period of thirty-five hours and was then released on a writ of habeas corpus.

Plaintiff, contending that he had been improperly fined for an alleged contempt of court, and in default of the payment of such fine had been unlawfully imprisoned, instituted this action to recover damages for an alleged false imprisonment.

The defendant conceded that the plaintiff had been fined by him and in default of the payment of such fine had been committed to the Delaware County jail for a period of five days, but contended that the plaintiff had been sentenced for disorderly conduct.

There was no proof that the plaintiff had been charged with the offense of disorderly conduct or had been given a hearing on such charge, but the case was submitted to the jury to determine whether the plaintiff had been fined for contempt of court, and in default of such fine had been committed to jail,

or whether he had been charged with and given a hearing on the charge of disorderly conduct and sentenced for such offense. The jury were told that the defendant "was without jurisdiction or authority to impose a fine on the plaintiff for contempt of court and in default of the payment of such fine, to commit him to jail," but that "if the plaintiff was charged with disorderly conduct, was given a hearing by Mr. Rowe on that charge, was found guilty and a fine imposed for the offense of disorderly conduct, and in default of the payment of such fine he was committed by Magistrate Rowe, then in doing that act in that way, Magistrate Rowe would not be guilty of the offense of false imprisonment."

The jury returned a verdict in favor of the plaintiff for $250. The matter now comes before us on a motion for judgment *non obstante veredicto* and for a new trial. The motion for judgment *non obstante veredicto* is based on the contention that the notice of the intention to institute suit, served upon the defendant under the provisions of the Act of March 21, 1772, 1 Sm. L. 364, was insufficient, in that it was not properly endorsed.

The title of the said act is: "An act for rendering Justices of the Peace more safe in the execution of their office, and for indemnifying constables and others, acting in obedience to their warrants."

The preamble of the act is: "Whereas Justices of the Peace may be discouraged in the execution of their office, by vexatious actions brought against them, for or by reason of small and involuntary errors in their proceedings; And whereas it is necessary that they should be (as far as consistent with justice, and the safety and liberty of the subjects over whom their authority extends) rendered safe in the execution of the said office and trust."

The act requires that the notice clearly set forth the cause of action, and then provides: "on the back of which notice shall be endorsed the name of such attorney or agent, together with the place of his abode, who shall be entitled to the fee of twenty shillings for the preparing and service of said notice and no more."

The notice served on the defendant reads:

"To C. W. Rowe,
    Justice of the Peace in and for
    The Borough of Yeadon, County of
    Delaware and State of Pennsylvania.
                                            "February 13, 1929.
"Sir:—

"According to the provision of the Act of Assembly approved March 21, 1772, Section 1 (1 Sm. 364), you are hereby notified that if you do not tender sufficient amends within thirty days from above date, I will bring an action against you in the Court of Common Pleas in and for the County of Delaware for the following causes; for having on December 5, 1928, at Yeadon in said County without cause or justification maliciously and corruptly without jurisdiction or authority of any kind imposed a fine of five dollars ($5.00) and costs upon me for alleged contempt of Court and upon my default in payment of said fine having committed me to the Delaware County Prison at Media, Delaware County, Pennsylvania, upon an alleged charge of disorderly conduct, by reason of all which illegal and oppressive conduct I have sustained material injury and damage.
                            "Very truly yours,
                            "(Signed)   HUGH O'DONNELL."

It was endorsed "To C. W. Rowe, Justice of the Peace in and for the Borough of Yeadon, County of Delaware and State of Pennsylvania.

"Notice in accordance with the provisions of the Act of March 21, 1772, 1 Sm. 364.

"William Taylor, Attorney-at-law, Media, Penna."

It may well be doubted whether the act was intended to apply to a case such as the present one. Under the evidence of the plaintiff and his witnesses, which was believed by the jury, the present action was not brought "for or by reason of . . . error in the proceedings." No case to which the plaintiff, who was fined and imprisoned by the direction of the defendant, was a party was being heard or disposed of by the justice. No charge had been preferred against the plaintiff, no hearing was held; but he was arbitrarily fined and imprisoned by the express direction of the defendant.

We do not believe that the act was intended to apply to such situation, but, however this may be, it is conceded that Media is in fact the abode of Mr. Taylor, and a notice endorsed "William Taylor, Attorney-at-law, Media, Pa." sets forth the name of the plaintiff's attorney, "together with the place of his abode." The notice did not purport to give the office of plaintiff's attorney as in Watrous v. Davis, 43 Pitts. L. J. 161.

In Litle v. Toland, 6 Binn. 83, it was held that "to a justice of the peace in Washington county, it is sufficient notice of the abode of the party's attorney to describe him as T. B. of Washington, that meaning in common parlance the *town* of Washington."

In the present case defendant could not possibly have been misled by the character of the endorsement on the notice. The endorsement gave the name of plaintiff's attorney, and Media, Pennsylvania, as his place of abode, and we are constrained to the conclusion that, even if the provisions of the Act of March 21, 1772, be deemed applicable to the present case, the notice given was legally sufficient.

It is further contended, because a third person, who was present when the fine was imposed upon the plaintiff by the defendant, offered to pay the fine and plaintiff would not permit him to do so "that plaintiff willed to go to jail and cannot maintain the present action." With this contention we cannot agree. "False imprisonment is the unlawful restraint by one person of the physical liberty of another without adequate legal justification:" 11 R. C. L. 791, § 2.

There was a conflict of testimony as to just what transpired when the plaintiff was committed to jail, but the fact that he was unwilling to have the fine paid by a third person is of no greater significance than his own refusal to pay the fine, and such fact did not furnish "adequate, legal justification" for his imprisonment by the defendant.

The only complaint urged in support of the motion for a new trial was that the court erred in refusing to admit evidence relative to the character and reputation of the plaintiff. The only mention of plaintiff's character occurred during his cross-examination as follows:

"Q. You are suing the squire here for twenty-five thousand dollars for injuries to character and reputation and so forth? A. Yes, I left that up to my attorney, Mr. Taylor. Q. Now, Mr. O'Donnell, you have been arrested before, haven't you? By Mr. Taylor: That is objected to, if the court please. By Mr. Ervin: That is on the question of damage to his reputation and character. By the Court: Do you have any authorities on that? This is an action for false imprisonment. By Mr. Ervin: It is an action for damages to his character. By the Court: The damages to which he would be entitled would be his expenses, loss of time, interruption of business, mental suffering and humiliation. By Mr. Ervin: The last paragraph of his statement of

claim is for injury to credit and reputation, forty-five hundred dollars. By the Court: We will sustain the objection and grant you an exception."

Thereafter the case was tried and submitted to the jury on the theory suggested by the court, viz.: That the damages to which the plaintiff would be entitled were the expenses incurred, compensation for loss of time, interruption of business, physical and mental suffering, humiliation and injuries to his feelings. No offer to prove plaintiff's character was at any time made. Obviously, his character could not be proven by asking him on cross-examination whether he had ever before been arrested. The case was tried on the evidence adduced, not on the allegations contained in the pleadings, and if the defendant desired to question the suggestion made by the court as to the measure of damages, or to urge plaintiff's previous character in mitigation of damages, he had abundant opportunity to do so. Not having done so, he cannot now complain that character evidence was excluded.

Defendant offered no justification for the imprisonment of the plaintiff: McCarthy v. De Armit, 99 Pa. 63; and a larger verdict would have been warranted under the evidence.

Therefore, now, November 22, 1930, defendant's motions for judgment *non obstante veredicto* and for a new trial are denied.

From William R. Toal, Media, Pa.